CHARLOTTE REIDER, Respondent, *v.* WILLIAM REIDER, Appellant.

First Department, February 14, 1930.

*Harry Sacher* of counsel [*Mencher, Sacher & Mencher,* attorneys]; for the appellant.

*Lester Rabbino* of counsel [*Rabbino & Rabbino,* attorneys], for the respondent.

PROSKAUER, J. The plaintiff has had at the Special Term a judgment decreeing a separation on the grounds of cruelty and of abandonment. The acts of cruelty charged are most inconsequential. It is claimed that the defendant at times would not speak to the plaintiff and that he insisted on smoking in the same room in which she was sitting despite the fact that he knew she had asthma. These claims, considered in the light of the admitted facts, seem wholly negligible. These parties were married in 1916. They lived together in a household with the plaintiff's brother. This brother and the defendant owned a piece of real estate together and had a dispute with reference to it. The defendant wished to sue his brother-in-law for partition and did so despite the plaintiff's refusal to join in the action. This refusal is inferable from the fact that she was admittedly made a party defendant. The plaintiff appears to have sided with her brother in this controversy and the marital trouble of these parties is directly attributable to this dispute about real estate.

As to the abandonment, the plaintiff admits that when the defendant left the house he placed on her mirror a written memorandum of his address. He had previously requested her to leave their then abode and establish a household apart from her brother. His testimony that when he left he gave her his address and asked her to come and live with him is persuasive of any lack of intent to abandon his wife, and it seems clear that on her part she preferred to reside with her brother. These conclusions are fortified by the testimony of the witness Sacher as to his efforts to persuade Mrs. Reider to live with her husband. The testimony shows clearly the defendant's constant endeavor to resume marital relations with the plaintiff.

I do not think this plaintiff has sustained the burden of proof of showing either cruelty or abandonment, and, therefore, the judgment appealed from should be reversed and a new trial ordered.

MERRELL and O'MALLEY, JJ., concur; DOWLING, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). The parties to this action were married on April 13, 1916. During the year 1926 it became evident that the defendant intended to abandon his wife. About September 5, 1926, he ceased speaking to her, refused to have his meals at home and reduced the amount of her allowance from thirty-five dollars a week to ten dollars a week. From January 1, 1927, the defendant refused to contribute anything to plaintiff's support. On March 14, 1927, in plaintiff's absence, the defendant left home but returned April first, to remove some personal belongings and since that date has not come back.

At the trial the defendant admitted nearly all of the charges made by plaintiff. He testified as follows: " Q. You have been living apart from your wife, how long? A. Two years. Q. Have you provided for her in any way in the last two years, did you give her any money? A. No. * * * Q. Mr. Reider, you remember March 14th, when you left home in the evening, you took your own clothes? A. I did not leave March 14th, I left March 30th, and I did not leave in the evening, I left in the morning. * * * Q. Since January 1, 1927, you have not given her one nickel support, have you? A. No, sir, I did not. Q. Since you left on April 1st, or thereabouts, 1927, you have not gone to visit your wife, have you? A. No, sir. Q. You have not made any inquiries as to where she was living or how she was feeling? A. I know where she was living. Q. But you never tried to get in touch with her, did you? A. No."

Sigmund Bauer, the plaintiff's brother, testified that the defendant left home on March fourteenth, and on the following day told him over the telephone that he had done so on advice of counsel and that he had some things at home which he wished to remove. About a week later, the defendant returned home and said to plaintiff, " Now, Lottie, I came up to take my stuff," and he then removed some personal belongings.

The differences between these parties began when the defendant, who had purchased jointly with plaintiff's brother, Sigmund Bauer, premises No. 2438 Morris avenue, the Bronx, was unable to obtain from Bauer any evidence of his title. In April, 1926, the defendant brought a partition suit against Bauer. On February 23, 1927, the partition action came to an end, and the defendant received

a decision awarding title to him. It was a very short time thereafter that defendant left home and took up quarters in another apartment. After he refused to return he called for a desk and some other effects which he said belonged to him and took them away with him.

An effort was made by the defendant to justify the abandonment of the plaintiff. The defendant attributed the differences which had arisen between them to the conduct of the plaintiff's brother, but no reason was given for the failure of the defendant to contribute anything to the plaintiff's support for a period of two years prior to the trial.

The defendant says he is now willing to have his wife live with him. This offer, however, was not made until the trial, and more than two years after the abandonment, during all of which time the defendant remained away from the plaintiff, contributed nothing to her support and refused to live with her.

The trial justice, who had an opportunity to observe the witnesses, placed very little reliance on defendant's testimony. The record justified such a determination. The evidence establishes the fact that the defendant intended to abandon the plaintiff and that he did not intend to support her unless compelled to do so by the court.

The judgment should be affirmed, with costs.

DOWLING, P. J., concurs.

Judgment reversed and a new trial ordered.